JOHN T. GRIFFITHS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Griffiths v. Commissioner
Docket No. 27872-89
United States Tax Court
T.C. Memo 1991-55; 1991 Tax Ct. Memo LEXIS 70; 61 T.C.M. (CCH) 1880; T.C.M. (RIA) 91055; February 12, 1991, Filed *70 Decision will be entered for the respondent. John T. Griffiths, pro se. Steven B. Bass, for the respondent. COUVILLION, Special Trial Judge. COUVILLION
MEMORANDUM OPINION This case was heard pursuant to section 7443A(b)(3) [1] and Rule 180 et seq. Respondent determined a deficiency of $ 3,060.51 in Federal income tax for petitioner's 1985 tax year. The only issue for decision is whether petitioner is entitled to a deduction of expenses incurred while "away from home" within the meaning of section 162(a)(2). Other adjustments in the notice of deficiency were agreed to in the audit, prior to issuance of the notice of deficiency. The parties stipulated to some of the facts, and these facts, with the annexed exhibits, are so found and incorporated herein by reference. In his petition, petitioner *71 alleged he was a resident of El Paso, Texas. At trial, however, petitioner testified that this allegation was in error. The El Paso, Texas, address was that of his Certified Public Accountant, who was assisting petitioner with this case. Petitioner testified that his legal residence at the time he filed his petition was La Canada, California. Petitioner is a business and management consultant. Although his education is in chemistry, he developed considerable experience over the years with various employers in resolving management and business problems. Since 1971, he concentrated his activities to consultation, most of the time in a self-employed capacity, and at times as an employee of a business. He described his work as that of a "business doctor," advising businesses in serious financial distress. He would attempt to find and isolate the problem, then recommend steps to solve the problem. Sometimes a solution to a business problem was to steer the business into voluntary bankruptcy, such as a chapter 11 reorganization, with the objective of posturing the business into a sale or merger with a healthy ongoing concern. In late 1984, after petitioner had completed work for *72 a client at Austin, Texas, he was contacted by a former client at El Paso, Texas, Elias Brothers Construction Company, Inc. (the company), for assistance with management and business problems the company was having. The company was a utility construction contractor and, even though the company had numerous contracts, it was having nepotism and quality control problems. Petitioner's assistance was sought to either restore the company to a profit status or position it for a merger or sale. Petitioner accepted the offer to assist the company and worked 302 days during 1985 for the company, concluding the job in late 1985. During this time, he lived in various motels in El Paso except, occasionally, when he was out in the field on some of the company's contract sites. For his services during 1985, petitioner was paid $ 23,685. On his 1985 return, petitioner's total earnings as a consultant were $ 43,526; however, the amounts in excess of the $ 23,685 paid by the company represented payments petitioner received from other clients for services rendered prior to 1985. Petitioner reported his consultation activity as a trade or business for Federal income tax purposes on Schedule C *73 of his return. For his living expenses incurred at El Paso during 1985, petitioner claimed a deduction for lodging expenses of $ 9,268 and meals of $ 5,136. In the notice of deficiency, respondent disallowed $ 7,248 of the lodging expenses and $ 4,147 of the meals expenses on the ground that El Paso, Texas, was petitioner's tax home during 1985; therefore, petitioner was not away from home within the meaning of section 162. At trial, counsel for respondent conceded that all disallowed amounts had been properly substantiated but denied deductibility for the reasons set out in the notice of deficiency. Petitioner contends that El Paso, Texas, was not his home during 1985. Respondent's determinations in the notice of deficiency are presumed correct and petitioner bears the burden of proving otherwise. ; Rule 142(a). Section 162(a)(2) allows a taxpayer to deduct traveling expenses, including amounts expended for meals and lodging, if such expenses are (1) ordinary and necessary; (2) incurred while "away from home"; and (3) incurred in the pursuit of a trade or business. ; . If such expenses are not incurred away from home, such expenses are considered nondeductible personal, living, or family expenses under section 262. The concept of "home" in tax cases generally arises where the taxpayer lives in one city and works in another city. Generally, when a taxpayer has a home in one city and works in another city, the expenses of traveling to and from the city in which the taxpayer resides are not incurred in pursuit of a trade or business. . Rather, such expenses are nondeductible personal living expenses under section 262 resulting from the taxpayer's decision to maintain a residence in a place other than the city in which the employment or business is located. . A "home" for purposes of section 162(a)(2), therefore, means the vicinity of the taxpayer's principal place of business whenever the personal residence of the taxpayer is not in the same vicinity as the place of employment. ; , affd. en banc . A recognized exception to this rule, however, exists where the taxpayer's employment is temporary as opposed to indefinite in duration. ; . If the employment is temporary, the tax home is considered to be the place of the taxpayer's residence; whereas, if the employment is indefinite, the tax home is the location of the employment. . Whether employment is temporary or indefinite is a question of fact. . No single element is determinative of the ultimate factual issue of temporariness, and there are no rules of thumb, durational or otherwise. . The mere fact that employment lacks permanence does not make that employment temporary. . Employment *76 is considered "temporary" only if termination within a short period of time can be logically expected and foreseen. Conversely, employment is considered "indefinite" if termination cannot be expected or foreseen within a fixed or reasonably short period of time. ; , affg. ; , affd. . Moreover, employment which is originally temporary may become indefinite due to changed circumstances, or simply by the passage of time. ; ; ; . Traveling expenses relating to an "indefinite" job are not deductible regardless of how justified the taxpayer may be from a personal perspective in maintaining a residence away from where his business is located. *77 , affd. per curiam . At the time petitioner accepted the consultation job with his client at El Paso, it was his understanding that he would be there one or two months, perhaps less "if the money runs out." After he commenced assisting the company, certain assets were liquidated which provided sufficient cash to allow the company to continue in business and allowed petitioner's work to continue. He concluded his work for the company in late 1985, when both he and officers of the company felt that petitioner had accomplished as much as could be accomplished. When questioned at trial as to whether he had been engaged by the company for a specific time period, petitioner replied "no" and that neither he nor the company had any idea as to how long his assistance would be required. The only factor which supported the notion that his employment might be brief was the "strong possibility of it [the company] being shut down and padlocked." This contingency did not occur while petitioner was engaged in his consultation work with his client. Although a taxpayer may discharge the burden *78 of proof in establishing that a job is temporary by showing that "termination within a short period could be foreseen," , the taxpayer fails to carry the burden where "termination [could not have been] foreseen within a fixed or reasonably short period of time," . The record here establishes that petitioner's termination could not be foreseen within a fixed or reasonably short period of time. Even if petitioner's termination could be reasonably foreseen within a fixed or reasonably short period of time, circumstances did change in the company through its realization of cash from asset liquidations, which allowed petitioner's work to continue indefinitely. ; . Petitioner argued that, although he once had his residence at El Paso, Texas, his marriage terminated there in 1980 and, because of unpleasant memories associated with his divorce, he vowed never again to live at El Paso. The only reason, therefore, why he was in El Paso during 1985 *79 was because of his client and for no other reason. In , affd. , this Court held that, while the subjective intent of the taxpayer is considered in determining the tax home, for purposes of section 162(a)(2), this Court and other courts consistently have held that objective financial criteria bear a closer relationship to the underlying purpose for the deduction. In , this Court stated that the determination of a taxpayer's home is not based upon where the taxpayer's heart lies. The facts and circumstances of this case, therefore, do not sustain a finding that petitioner's activity at El Paso, during 1985, was temporary. Even if the record would sustain such a finding, there is an additional requisite which must be met under section 162(a)(2), and that is the taxpayer must establish that he had a home to be away from in order to justify the deduction for expenses away from home. ; . *80 The rationale for this rule is to ease the burden on taxpayers who, because of their jobs, are required to incur extra expenses for meals and lodging above and beyond the expense of maintaining their homes; it reflects congressional concern both for unavoidable duplication of expenses and for the fact that meals and lodging are more costly for a person who must travel than they are for a person who can maintain a year-round home. . Where the taxpayer is unable to establish that he had a "home" to be "away from," the taxpayer's home is considered to be wherever he happens to live at any given time. , affg. a Memorandum Opinion of this Court; , cert. denied ; . During the audit of petitioner's 1985 tax return, petitioner represented to respondent's agent that his home was at Gilla, New Mexico. On Schedule C of his 1985 income tax return, petitioner also listed *81 Gilla, New Mexico, as the location of his business. However, at trial, petitioner testified that this was incorrect. He once lived at Gilla, New Mexico, some two and one-half years earlier; however, during 1985, he laid claim to two homes: One at Cheshire, England, and the other at La Canada, California. He admitted that he did not own homes at either of these locations; however, he testified he spent substantial amounts maintaining these homes. He did not indicate the nature of his maintenance expenses nor the amounts he spent. Nor did petitioner establish other factors which would establish a residential connection to either California or England, such as visits to his claimed residences and the frequencies thereof, where he voted, where he maintained bank accounts, where he registered his motor vehicle, whether he paid local taxes there, or any other significant relationship which would show that petitioner's home or homes were in either or both of the claimed locations. During 1985, petitioner was in El Paso, Texas, 302 days. He stayed in Austin, Texas, the remaining 63 days of 1985 doing consultation work for another client. Perhaps the most telling evidence on this issue *82 is the response petitioner gave to the question why, on his 1985 income tax return, he listed the address of his Certified Public Accountant as petitioner's address: "the reason for this * * * is * * * because I have to travel very often and because I have to be prepared to go somewhere and stay in a hotel * * * I want a central point where someone can handle it for me." This testimony does not indicate to the Court that petitioner had or maintained a permanent home in either California or England. The Court finds, therefore, that petitioner did not have a home to be away from. Respondent, therefore, is sustained in the disallowance of petitioner's meals and lodging expenses for 1985. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩